IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JON TROTT,                     CASE NO. 2:08-cv-116
                               JUDGE MARBLEY
      Petitioner,           MAGISTRATE JUDGE ABEL

v.

JEFFREY WOLFE, Warden,

      Respondent.

## Report and Recommendation

Petitioner Jon Trott, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Magistrate Judge for report and recommendation on the petition, return of writ, and petitioner's traverse.

## Overview

Petitioner's underlying conviction on failure to appear on a recognizance bond is the result of his guilty plea in the Franklin County Court of Common Pleas. The trial court sentenced petitioner to seventeen months incarceration, the sentence to run consecutively to his sentence in another criminal case. Trott did not file a timely appeal, and the state appellate court denied his motion for delayed appeal. Petitioner filed a post conviction petition in the state trial court; however, Trott did not file an appeal of the trial court's decision denying his post conviction petition.

In this federal habeas corpus petition, petitioner Trott asserts that the state appellate court unconstitutionally denied his motion for delayed appeal; that he was

denied the effective assistance of counsel because his attorney failed to timely appeal after being requested to do so, and failed to object to imposition of consecutive sentences; and that the trial court improperly imposed consecutive sentences. For the reasons that follow, the Magistrate Judge concludes that petitioner's claims are procedurally defaulted or without merit and **RECOMMENDS** that this action be **DISMISSED**.

## Procedural History

On April 14, 2006, Trott pleaded guilty plea in the Franklin County Court of Common Pleas to failure to appear on a recognizance bond in violation of O.R.C. §2937.99. The trial court sentenced him to seventeen months incarceration, the sentence to be served consecutively to his sentence in Case No. 05CR-4260. *Exhibits 2 and 3 to Return of Writ.* Trott did not file a timely appeal. He did file a motion for judicial releas on community control on August 8, 2006. *Exhibit 5 to Return of Writ.* On July 16, 2007, some 15 months after he was sentenced, Trott filed a motion for delayed appeal. *Exhibit 11 to Return of Writ.* As cause for his untimely filing petitioner alleged that he had "expressed his desire to appeal to his counsel, and believed an appeal [had been] filed." *See id.* He did not support that allegation with an affidavit or with other evidence that he had, in fact, asked his attorney to file a notice of appeal. Indeed, petitioner's November 9, 2006 petition for postconviction relief–filed 8 months before his motion for

delayed appeal, acknowledged that he had not appealed his sentence.[1]  *Exhibit 7 to Return of Writ, at p. 2.*  On August 28, 2007, the appellate court denied petitioner's motion for delayed appeal.  *Exhibit 13 to Return of Writ.*  Petitioner filed a timely appeal to the Ohio Supreme Court.  *Exhibit 14 to Return of Writ.*  On December 26, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  *Exhibit 16 to Return of Writ.*

Meanwhile, on November 9, 2006, represented by counsel, Trott filed a petition for post conviction relief in the state trial court.  He asserted that his sentence violated the Equal Protection Clause and Ohio law.  *Exhibit 7 to Return of Writ.*  On March 16, 2007, the trial court denied petitioner's post conviction petition.  *Exhibit 9 to Return of Writ.*  Petitioner apparently never filed an appeal.

On February 7, 2008, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based on the following grounds:

> 1.  Pursuant [to] Article VI of the United States Constitution, all state court judges are "bound" by federal law, the Constitution its laws and treaties....
>
> 2.  When petitioner has been denied his right to meaningful appeal and effective assistance of trial and appellate counsel, it is the state that unconstitutionally deprives him of his liberty....

---

[1]In his brief in support of his motion for leave to appeal to the Supreme Court of Ohio, Trott stated that he first learned that his trial attorney had not filed an appeal 90 days after he was sentenced.  *Exhibit 14 to Return of Writ, Statement of the Case, p. 2.*

3. A common pleas court lacks jurisdiction to impose consecutive sentences for the commission of multiple felonies thus violating the petitioner's 5th, 6th, 14th Amendment of the United States Constitution, its laws and treaties thus making the consecutive sentencing in this case void.

4. Petitioner's 5th, 6th, and 14th Amendments under the United States Constitution, pursuant to the due process of law, and the equal protection of law is violated when the sentence is disproportionate and inconsistent, pursuant to the mandates outlined in R.C. 2929.11 as set forth in *State v. Foster* (2006), 109 Ohio St.3d.

It is the position of the respondent that petitioner's claims are procedurally defaulted or without merit.

## Claim One

In claim one, petitioner asserts that the Ohio Court of Appeals unconstitutionally denied his motion for delayed appeal because, according to petitioner, his attorney failed to file a timely appeal after being requested to do so. The state appellate court denied petitioner's motion for delayed appeal in relevant part as follows:

> On July 16, 2007, defendant-appellant Jon C. Trott, filed a pro se motion for leave to appeal pursuant to App.R. 5(A).... For the following reasons, we deny defendant's motion.
>
> \*\*\*
>
> Defendant seeks leave to appeal a judgment entry of conviction and sentence imposed by the Franklin County Court of Common Pleas on or around April 16, 2006. Pursuant to a guilty plea, the trial court found defendant guilty of one count of failure to appear on recognizance bond and sentenced him accordingly. Defendant failed to timely appeal from that judgment. He now claims that he expressed a

4

> desire to his attorney to appeal the judgment but that his
> attorney failed to file an appeal.
>
> Defendant waited 15 months after his conviction to file this
> motion. He does not explain what occurred in this time or
> when he discovered that his attorney did not file an appeal.
> Defendant could have and should have discovered that his
> attorney did not file an appeal much earlier.... Defendant is
> obligated to take affirmative steps to protect his appellate
> rights.... Defendant's 15 month delay in filing the motion ...
> for leave to appeal, without justifiable explanation, is
> unreasonable.
>
> Because defendant fails to demonstrate a reasonable ex-
> planation of the basis for his failure to perfect a timely
> appeal, we deny his motion for leave to file a delayed
> appeal.

*Exhibit 13 to Return of Writ* (citations omitted).

The failure of an attorney to file a timely appeal after being requested to do so constitutes the ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). However, the Constitution does not require a state appellate court to accept petitioner's untimely appeal based upon such an allegation.

Claim one is without merit.

**Claim Two**

In claim two, petitioner asserts, *inter alia*, that he was denied the effective assistance of counsel because his attorney failed to file a timely appeal after petitioner requested him to do so. It is the position of the respondent that this claim is procedurally defaulted because petitioner failed to present such claim in his state postconvict-

5

ion petition.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982)( *per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an 'adequate and

independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.*

In *State v. Gover*, 71 Ohio St.3d 577, 580-81 (1995), the Ohio Supreme Court held that a claim regarding the trial court's failure to notify appellate counsel of the appointment which resulted in an untimely appeal was properly raised in post conviction proceedings, rather than a Rule 26(B) application, since the claim related to the "pre-appellate" process. *Id.,* at 580. Here, petitioner filed a post conviction petition, but failed to present such a claim therein. Further, he never filed an appeal of the trial court's decision denying his post conviction petition. He may now no longer do so, under Ohio's doctrine of *res judicata*. The state courts were never given the opportunity to enforce the procedural rule due to the nature of petitioner's procedural default.

Petitioner contends that he did not appeal the trial court's denial of his post conviction petition, because it had been untimely filed; however, the trial court denied petitioner's post conviction petition, after a hearing, concluding that his claims were barred by Ohio's doctrine of *res judicata* and that the were without merit. *See Exhibit 9 to Return of Writ*.

The Magistrate Judge must next decide whether the procedural rules at issue

constitute adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claim. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. Under this analysis, the procedural rules barring petitioner's claims for relief constitute adequate and independent state grounds for denying relief. The requirement that all available claims be asserted in the first post conviction proceeding serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981); *State v. Perry,* 10 Ohio St.2d 175 (1967).

 The Magistrate Judge concludes that petitioner has waived his right to present his claim of ineffective assistance of counsel due to his attorney's failure to file an appeal after allegedly being requested to do so for federal habeas corpus review. Petitioner can still secure review of this claim on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. Petitioner has failed to establish cause and prejudice for his procedural default.

 Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in

the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333. After review of the record, the Court does not deem this to be such a case.

**Claims Two and Three**

Petitioner asserts in claim two that he was denied the effective assistance of counsel because his attorney failed to object to imposition of consecutive sentences as improper under Ohio law. In claim three, petitioner asserts that the trial court imposed consecutive sentences in violation of Ohio law. These claims plainly lack merit.[2]

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz*, 828 F.2d 1177

---

[2] Respondent contends that the claims are procedurally defaulted because petitioner first presented such allegations on appeal to the Ohio Supreme Court; however, in *Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004), the United States Court of Appeals for the Sixth Circuit held that "the state court's refusal to allow ... a delayed appeal under Rule 5(A) does *not* constitute an "adequate" ground to bar habeas review" under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

9

(6th Cir. 1987).  "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different.  *Id.,* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*, at 697.  Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other.  *Strickland,* 466 U.S. at 697.

The trial court sentenced petitioner pursuant to his guilty plea on April 14, 2006, and after the Ohio Supreme Court issued its decision in *State v. Foster*, 109 Ohio St.3d 1 (2006)(severing unconstitutional provisions of Ohio's sentencing statutes that required, *inter alia*, judicial fact finding prior to imposition of maximum or consecutive terms). Contrary to petitioner's argument here, neither Ohio law nor the federal Constitution prohibited the trial court from ordering his sentence to be served consecutively to his sentence in another criminal case.  Petitioner has failed to establish that he was denied the effective assistance of counsel under the *Strickland* test due to his attorney's failure to object to imposition of consecutive sentences.

Claims two and three are without merit.

**Claim Four**

In claim four, petitioner asserts that the trial court's sentence violated state law. This claim fails to raise an issue appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir.1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir.1988). Such are not the circumstances here.

Claim four is without merit.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation,* that party may, within ten

(10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel
United States Magistrate Judge